1
2
3
4
5
6
7
8
9
10

**O**
**JS-6**

# United States District Court
# Central District of California

| | |
|---|---|
| 11 REGINALD LOCKHART, | Case No. 5:15-cv-02634-ODW (PLAx) |
| 12 Plaintiff, | |
| 13 v. | **ORDER GRANTING PLAINTIFF'S** |
| 14 COLUMBIA SPORTSWEAR | **SECOND MOTION TO REMAND** |
| 15 COMPANY, | **[12]** |
| 16 Defendant. | |

## I.    INTRODUCTION

Pending before this Court is Plaintiff Reginald Lockhart's Second Motion to Remand,[1] which seeks to remand this matter yet again to the Riverside Superior Court for lack of subject matter jurisdiction.  (ECF No. 12.)  Lockhart argues that Defendant Columbia Sportswear USA Corporation ("Columbia") has once again failed to establish diversity jurisdiction under 28 U.S.C. § 1332, as Columbia has failed to prove that the amount in controversy exceeds $5,000,000 as required by the Class Action Fairness Act of 2005 ("CAFA").  For the reasons discussed below, the Court again finds Columbia's removal improper, as Columbia does not sufficiently prove

---

[1] This Court granted Plaintiff's First Motion to Remand in *Lockhart v. Columbia Sportswear Co. (Lockhart I)*, 5:15-cv-01534-ODW-PLA. (ECF No. 20.)

the elements of CAFA jurisdiction.  Accordingly, this Court **GRANTS** Lockhart's Motion.[2]

## II.   FACTUAL BACKGROUND

On June 23, 2015, Lockhart filed his original class action Complaint in the Riverside Superior Court, alleging causes of action for: (1) failure to pay overtime wages; (2) failure to provide meal periods; (3) failure to provide rest periods; (4) failure to pay minimum wages; (5) failure to timely pay all wages upon termination; (6) failure to timely pay wages during employment; (7) failure to provide accurate wage statements; (8) failure to keep appropriate payroll records; (9) failure to reimburse business expenses; and (10) unfair business competition.  (Rosenberg Decl., Ex. A ("Compl."), ECF No. 5.)   These claims only involve state law.  Lockhart defines the putative class as "[a]ll current and former hourly-paid or non-exempt employees who worked for any of the Defendants within the State of California."  (*Id.* ¶ 13.)  In the Complaint, Lockhart further alleges that the amount in controversy for his individual claims does not exceed $75,000.  (*Id.* ¶ 1.)

Columbia first removed this action on July 29, 2015, asserting this Court's original jurisdiction under CAFA; Lockhart moved to remand the case on August 14, 2015.  (*See* Complaint and Motion to Remand, *Lockhart v. Columbia Sportswear Co. (Lockhart I)*, No. 5:15-cv-01534-ODW-PLA (C.D. Cal.), ECF Nos. 1, 14.)  The Court granted Lockhart's Motion on September 22, 2015.  (Order Granting Motion to Remand, *Lockhart I*, ECF No. 20 ("First Remand Order").)  After remand, Columbia took Lockhart's deposition.  (Second Motion for Remand ("Sec. Mot.") 3, ECF No. 12.)  Believing Lockhart's deposition testimony provided the requisite support for federal jurisdiction under CAFA, Columbia again removed this action on December 24, 2015.  (Second Notice of Removal ("Sec. NOR") 1, ECF No. 1.)  Lockhart then filed the Second Motion for Remand that is currently at bar.  (ECF No. 12.)  Columbia

---

[2] After carefully considering the papers filed in support of and in opposition to the Motion, the Court deems the matter appropriate for decision without oral argument.  Fed. R. Civ. P. 78; L.R. 7-15.

filed a timely opposition, and Lockhart timely replied.  (ECF Nos. 13–14.)  The matter is now before the Court for decision.

## III.   LEGAL STANDARD

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress.  U.S. Const. art. III, § 2, cl. 1; *see also Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  A suit filed in state court may be removed to federal court only if the federal court would have had original jurisdiction over the suit.  28 U.S.C. § 1441(a).  But courts strictly construe the removal statute against removal, and thus "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."  *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).  The party seeking removal bears the burden of establishing federal jurisdiction.  *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1252 (9th Cir. 2006).

Federal courts have original jurisdiction where an action presents a federal question under 28 U.S.C. § 1331, or diversity of citizenship under 28 U.S.C. § 1332.  A defendant may remove a case from state court to federal court pursuant to the federal removal statute, 28 U.S.C. § 1441, on the basis of federal question or diversity jurisdiction.

Under CAFA, federal courts have original jurisdiction over a class action if (1) the parties are minimally diverse, (2) the proposed class has more than 100 members, and (3) the aggregate amount in controversy exceeds $5 million.   28 U.S.C. § 1332(d)(2), (d)(5)(B); *see also Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 554–55 (2014).

## IV.   DISCUSSION

Columbia argues in its Second Notice of Removal that Plaintiff's deposition testimony lends further support for CAFA jurisdiction.  (Sec. NOR ¶ 7.)  Columbia alleges that, in his deposition, Lockhart offered, for the first time, information as to the amount of time he and other class members were allegedly forced to work off-the-

clock while under Columbia's employ. (*Id.*)  This testimony, Columbia claims, shows that every class member was forced to work at least 35 minutes off-the-clock every day and also through meals and rest periods, as well as purchase Columbia uniforms. (*Id.* ¶¶ 7–9.)  Armed with this information, Columbia now contends that Plaintiff's total amount in controversy exceeds CAFA's $5 million minimum and submits its second Notice of Removal. (*Id.* ¶ 10.)

## A. Successive Removal

Successive removals are discouraged, though "[the] general prohibition on successive removals . . . does not apply 'when subsequent pleadings or events reveal *a new and different ground* for removal.'"  *Leon v. Gordon Trucking, Inc.*, 76 F. Supp. 3d 1055, 1062 (C.D. Cal. 2014) (quoting *Kirkbride v. Continental Casualty Co.*, 933 F.2d 729, 732 (9th Cir. 1991)) (emphasis in original).  The policy behind the successive removal rule helps "guard[] against premature and protective removals and minimize[] the potential for a cottage industry of removal litigation." *Sweet v. United Parcel Serv., Inc.*, No. CV09-02653 DDP-RZX, 2009 WL 1664644, at *3 (C.D. Cal. June 15, 2009) (quoting *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 698 (9th Cir. 2005)).  However, where a defendant attempts to remove an action for the second time after conducting its own investigation of the facts, that investigation "must be based on newly discovered facts not available at the time of the first removal." *Andersen v. Schwan Food Co.*, No. EDCV 13-02208 JGB, 2014 WL 1266785, at *4–5 (C.D. Cal. Mar. 26, 2014) ("Thus, the court recognized that the information required for removal was available to Defendants at the time of the first removal as it was 'uniquely within the records of Schwan.' . . . Accordingly, Defendants have not demonstrated that their 'second notice of removal is based on newly discovered facts not available at the time of the first removal,' and thus their successive removal is improper.").

While Lockhart vigorously argues that his deposition does not provide a new or different ground for removal, and at best only provides a "mere factual development,"

the Court disagrees.  (*See* Sec. Mot. 6.)  Successive removal is not improper in the instant case, where additional information potentially supporting CAFA's jurisdictional minimum came to light only after this Court's prior Remand Order.  *See S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 492 (5th Cir. 1996) ("The prohibition against removal 'on the same ground' does not concern the theory on which federal jurisdiction exists (i.e., federal question or diversity jurisdiction), but rather the pleading or event that made the case removable.").  The "new" information that Columbia offers came from Lockhart's deposition testimony, which of course was not available at the time of Columbia's first Notice of Removal.

The Court therefore finds successive removal both proper in this case and timely filed, though ultimately unsuccessful.[3]

## B. CAFA Jurisdiction

Having accepted Defendant's Second Notice of Removal, the Court next turns the merits of Columbia's jurisdictional argument.

For this Court to have original jurisdiction over Lockhart's case under CAFA, (1) there must be minimal diversity between the putative class members and the defendants; (2) the class action itself must be filed on behalf of more than 100 putative class members; and (3) the amount in controversy must exceed $5 million.  28 U.S.C. § 1332(d)(2), (d)(5)(B); *see also Dart Cherokee*, 135 S. Ct. at 554–55.  As the removing party, Columbia bears the burden of proving federal subject matter jurisdiction under CAFA by a preponderance of the evidence.  *Rodriguez v. AT & T Mobility Servs. LLC*, 728 F.3d 975, 981 (9th Cir. 2013).  At this time, neither party

---

[3] Under 28 U.S.C. § 1446(b), a party must seek removal within thirty days from the date he or she first learns that the action is removable.  A defendant may learn that an action is removable in one of two ways: through the face of the initial pleadings or through the receipt "of a copy of an amended pleading, motion, order *or other paper* from which it may first be ascertained that the case is one which is or has become removable."  28 U.S.C. § 1446(b) (emphasis added).  Defendants here filed their Second Notice of Removal on December 24, 2015, twenty-three days after receiving Lockhart's deposition transcript.  (Sec. NOR ¶ 6.)  New evidence discovered in a deposition may be grounds for a successive removal.  *Sweet*, 2009 WL 1664644, *4 (citing *S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 493–94 (5th Cir. 1996)).

disputes the diversity of the parties, nor that the number of putative class members exceeds 100.  (*See* Sec. NOR ¶¶ 17–18; Sec. Mot. ¶¶ 7–16.)[4]  Instead, the parties reserve their disputes for the amount-in-controversy element.

Recently, the Supreme Court has said that a defendant can establish the amount in controversy by an unchallenged, plausible assertion of the amount in controversy in its notice of removal.  *Dart Cherokee*, 135 S. Ct. at 554–55.  However, if the defendant's assertion of the amount in controversy is challenged by the plaintiff in a motion to remand, both sides must submit proof, and the court may then decide where the preponderance lies.  *Id.*  "Under this system, CAFA's requirements are to be tested by consideration of real evidence and the reality of what is at stake in the litigation, using reasonable assumptions underlying the defendant's theory of damages exposure."  *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015).  When discussing the amount in controversy, a removing party cannot speculate, but must provide the underlying facts supporting its calculations.  *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1205 (E.D. Cal. 2008); *see also Gaus*, 980 F.2d at 567.  Moreover, the evidence must be "summary-judgment-type evidence" that is relevant to the amount-in-controversy analysis.  *Singer v. State Farm Mut. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997).  Where the defendant relies on calculations to satisfy its burden of proof, those calculations must be "good faith, reliable estimates based on pleadings and other evidence of record."  *Ellis v. Pac. Bell Tel. Co.*, No. SACV 10-01141-CJC-FF, 2011 WL 499390, at *2 (C.D. Cal. Feb. 10, 2011).

Columbia argues that the amount in controversy is at least $6,772,795.96, with another $1,606,926.61 available in attorneys' fees.  (Sec. NOR ¶¶ 57, 61.)  Lockhart contests Columbia's conclusions based on the lack of underlying evidence to support those numbers.  As explained in further detail below, the Court disagrees with the assumptions underlying the alleged amount in controversy and **GRANTS** remand.

---

[4] Furthermore, neither party challenged the diversity and class member elements after Columbia's first attempt to remove this case.

### 1.  Insufficient Evidentiary Support

The Court holds that the declaration of Columbia's Senior Director of Human Resources, Wayne Young, lacks foundation and cannot provide sufficient support for the calculations on which Columbia's entire amount in controversy analysis relies.

Young declares that he is "familiar with the structure of Columbia's retail stores in California" and has "access to payroll records of current and former employees of Columbia," and that he has reviewed Lockhart's employment and personnel records. (Young Decl. ¶ 2, ECF No. 6.)   He further attests that, based on his "review of records," that there were "575 current and former non-exempt retail employees" who were employed between June 23, 2011, and present day who worked "a total of 24,371 workweeks." (*Id.* ¶ 7.)  He offers additional numbers of employees depending on different starting dates of the class period. (*Id.* ¶¶ 8, 11.)  Young also attests that he consulted "available pay records" before declaring that the average rate of pay for all non-exempt employees in California during the class period was approximately $10.17. (*Id.* ¶ 9.)

Columbia has the burden to prove, by a preponderance of the evidence, that Lockhart's class claims meet the CAFA standards.  *Rodriguez*, 728 F.3d at 981. Evidence offered in support of its contentions that relies on calculations must be "good faith, reliable estimates based on pleadings and other evidence of record." *Ellis*, 2011 WL 499390, at *2.  Young's declaration is insufficiently specific to establish the proper foundation for his numerical estimates.   Nowhere in his declaration does Young describe the records he reviewed or how he arrived at those numbers.  While Young does at least say that he consulted "available pay records" when calculating an average rate of pay for Columbia's non-exempt employees, the Court notes that he only consulted *available* pay records and does not specify what *unavailable* data he did not consult.  Did Young look at the pay records of five employees or five hundred?  Did the records reflect an accurate estimate of part-time employees or lower-level retail staffers?  Without answers to these questions and

others, the Court will not afford any weight to Young's unsubstantiated claims.  Thus, this inadmissible evidence cannot be used to meet the preponderance standard.

In *Townsend v. Brinderson Corp.*, No. CV 14-5320 FMO RZX, 2015 WL 3970172 (C.D. Cal. June 30, 2015), this Court held that the declaration of a defendant corporation's vice president lacked foundation and could not be relied upon where the declaration does not indicate which records he reviewed in order to arrive at certain employment figures.  *Id.* at *4–5.  The Court was particularly concerned that it could not "discern whether Wilson reviewed actual employee time records and pay records, whether he relied on summaries prepared for him by someone else, or whether the records are something else entirely."  *Id.* at *4.  Young's declaration raises similar concerns, and thus the Court has no basis to accept the veracity of Young's employee and workweek totals.  *See also Brandon v. C.H. Robinson Co. Inc.*, No. 2:14-cv-966-GEB-DAD, 2014 WL 2624995, *4 (E.D. Cal. June 11, 2014) (finding declaration stating that it was likely that majority of employees worked a certain number of hours per week lacked foundation); *Ornelas v. Children's Place Retail Stores, Inc.*, No. LA CV13-02226 JAK (MRWx), 2013 WL 2468388, *4 (N.D. Cal. June 5, 2013) ("A declaration stating the number of employees who worked for Defendant during the years prior to this action, together with assumptions about these employees, is not sufficient to establish it is more likely than not that the amount of controversy in this case exceeds $5 [m]illion.").  Thus, all calculations that rely on Young's declaration or the numbers he pulled from thin air are suspect.  The inclusion of information gleaned from Lockhart's deposition does nothing to change the validity of these equations.  Adding, for example, Lockhart's testimony that he missed approximately five meal beaks and two rest breaks a week (Sec. NOR ¶¶ 35–36)[5] to an equation that relies on digits representing the number of putative class members and the number of weeks they worked during the class period does nothing if the Court cannot rely on at

---

[5]  Because the Court finds the Young Declaration so deficient as to color all of Columbia's calculations, the Court will not pass judgment on the propriety of extrapolating class-wide meal/rest break violations from Lockhart's subjective experiences.

least two of the three numbers in the equation.   The information in Lockhart's deposition is useless without the Young declaration to convert that testimony into dollar amounts.[6]

Because Columbia relied on these numbers to calculate the total potential damages for each of Lockhart's claims, the Court holds that Columbia has not met its burden to establish CAFA jurisdiction.  Thus, the case is hereby **REMANDED** to the Riverside Superior Court.

## V.   CONCLUSION

For the reasons discussed above, the Court **GRANTS** Lockhart's Motion to Remand.  (ECF No. 12.)  The case is remanded to the Riverside Superior Court, Case No. RIC150504.  The Clerk of the Court shall close this case.

**IT IS SO ORDERED.**

May 11, 2016 _____

**OTIS D. WRIGHT, II**
**UNITED STATES DISTRICT JUDGE**

---

[6] The Court also reminds Columbia that a resubmitted declaration with the proper foundation will not suddenly support federal jurisdiction.  Where a defendant had information in its possession that could support jurisdiction at the time of the first removal—but did not offer that information—a court will not entertain a successive removal.  *Andersen v. Schwan Food Co.*, No. EDCV 13-02208 JGB, 2014 WL 1266785, at *4 (C.D. Cal. Mar. 26, 2014) ("The information now proffered by Defendant could—and indeed, should—have been presented to the Court in opposing Plaintiff's first motion to remand. That Defendant is belatedly attempting to do so now does not render its factual showing 'new and different' for purposes of allowing a successive removal petition." (citing *Allen v. UtiliQuest, LLC*, No. C 13-4466 SBA, 2014 WL 94337, at *3 (N.D. Cal. Jan. 9, 2014))).